Filed 10/17/24

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT  05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03070

---

**Darren Clark et al v. Gary Richards**

---

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss  (Motion: 1)
Filer:      Everett M. Secor
Filed Date: August 29, 2024

The motion is GRANTED.

The Court made rulings on the record regarding Defendant's motion to dismiss.  The Court reiterates the key conclusions.

1. Tenant seeks dismissal of the present eviction under 9 V.S.A. § 4467(c) for failure to provide the necessary 90 days of notice and for failure to provide timely notice of a rent increase under 9 V.S.A. § 4455.

2. It is undisputed that Landlord provided 82 days of notice to tenant beginning May 10, 2024 and terminating the lease on August 1, 2024

3. This notice came after the expiration of the seven-month-term of the parties' written lease.

4. Landlord argues that Section 16 creates an on-going written lease that put any notice of termination within 9 V.S.A. § 4467(e), which would only require 60 days of the notice.

5. Section 16 is entitled "Tenant's Hold Over" and states that:

   > If Tenant remains in possession of the Premises with the consent of Landlord after the natural expiration of this Agreement a new tenancy from month-to-month shall be created between Landlord and Tenant which shall be subject to all of the terms and conditions hereof except that rent shall then be due and owing at One Thousand Dollars ($1000) per month and except that such tenancy shall be terminable upon thirty (30) days written notice served by either party.

6. The terms of this provisions offer several contradictory provisions and are at odds with the Vermont Residential Rental Act.  In particular, the last sentence of the term is in violation of Vermont law, which requires no less than 60 days of notice even if there is a written lease if the tenant has been there for more than two years.  9 V.S.A. § 4467(e).

7. Similarly, the term "Hold Over" has been defined to mean a tenant who retains possession after the expiration of a lease or after a tenancy at will has been terminated. Black's Law Dictionary 658 (5th ed. 1979). Yet, Landlord seeks to assert this provisions as a renew term and an extension of the written lease and its terms.

8. Vermont landlords have a duty to provide punctilious compliance with substantive eviction proceedings. *Vermont Small Business Development Corp. v. Fifth Sons Corp.*, 2013 VT 7, ¶ 15. This includes providing or applying provisions in a clear and straightforward manner that does not put the tenant in the position of guessing the meaning of a provision. *Andrus v. Dunbar*, 2005 VT 48, ¶ 13.

9. The Court denies the motion to dismiss to the extent that it is premised on the increase in rent stated in the holdover provisions of Section 16 of the lease. The rise in rent is not, in and of itself, unfair, and the placement of the term in the lease complies with the notice provisions of 9 V.S.A. § 4455.

10. While it is not clear from the terms of the lease whether this holdover rent increase in Section 16 was intended to be a negotiated increase that would raise the rent to reasonable market rate over the ensuing month-to-month tenancy, or if it was intended as a penalty amount to any tenant that held over is a factual dispute that the Court lacks sufficient information from the pleadings to decide as a matter of law. *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (holding that the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it.") (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)).

11. As to the nature of the notice, however, the Court grants Defendant's motion to dismiss for lack of sufficient compliance with 9 V.S.A. § 4467(c).

12. Despite the language purporting to extend the written terms of the lease, the language of the lease provisions in Section 16 indicate that it applies to a "hold over" situation—that is a time when the lease has expired.

13. While Plaintiff points to language that would seem to extend the written terms of the lease, it also contains language that is at odds with the Vermont Residential Rental Act's provisions, even if the written lease applied.

14. The undisputed facts also indicate that Plaintiff did not seek or attempt to terminate the lease before the expiration of the written term but effectively terminated it immediately after the end of the written lease term. Meaning that Plaintiff chose not to act when the written lease was inarguably in effect, but also acting before even the first term of the new month-to-month at will tenancy was completed. Thus, Plaintiff cannot look to the practice of the parties to argue that the at-will tenancy was in effect a renewed and continued as part of the written lease.

15. Given these differing terms and lack of clear evidence that would keep the written lease alive past the April 30th expiration, the Court must, under the precedent of *Andrus* and *Vermont Small Business Development Corp.* read the lease in a narrow manner favorable to

the intent of the Vermont Residential Rental Act and holding landlord to the high standard of proof and compliance.

16. For these reasons, the Court finds that 9 V.S.A. § 4467(c) applies to the termination of the lease relationship between Plaintiff and Tenant for no cause eviction. Based on Plaintiff's non-compliance with this provision, the present action lacks the effective termination required under 9 V.S.A. § 4468 to sustain the action, and it must be dismissed as a matter of law.

17. While Plaintiff sought to delay the effect of this decision to allow an amendment, the fact that there is presently no ripe cause of termination leads the Court to conclude that this relief is not warranted.

18. Nothing in this decision relieves Defendant from paying his rent or excuses any unpaid rent to date, and Plaintiff is free to correct the issues with termination and file a new cause of action.

**So Ordered.**

Electronically signed on 10/14/2024 6:19 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge